UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ANDRES A. IRETA,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

Case No. EDCV 07-0853-JTL

MEMORANDUM OPINION AND ORDER

**PROCEEDINGS**

On July 17, 2007, Andres A. Ireta ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of his application for Disability Insurance Benefits. On July 31, 2007, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On August 6, 2007, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on January 14, 2008, defendant filed an Answer to the Complaint. On March 18, 2008, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

## BACKGROUND

On February 22, 2005, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ["AR"] at 67-69). Plaintiff alleged a disability onset date of September 18, 2003. The Commissioner denied plaintiff's application for benefits initially and upon reconsideration. (AR at 50-55, 59-62). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 56).

On February 8, 2007, the ALJ conducted a hearing in Orange, California. (See AR at 292-311). Plaintiff appeared at the hearing with counsel and testified through an interpreter. (AR at 294, 295-307, 309). David Rinehart, a vocational expert, also testified at the hearing. (AR at 307-09). On February 23, 2007, the ALJ issued his decision denying benefits to plaintiff. (AR at 12-17). The ALJ determined that plaintiff had no medically determinable impairment and presented only subjective complaints unsupported by objective findings. (AR at 16). The ALJ determined that plaintiff had no impairment-related limitations on his ability to perform basic work activities and, accordingly, no severe impairment. (Id.). Thus, the ALJ concluded that plaintiff was not disabled through the date of the decision. (Id.). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 5-7).

Thereafter, plaintiff appealed to the United States District Court.

## PLAINTIFF'S CONTENTIONS

Plaintiff makes the following claims:

1. The ALJ failed to properly consider the opinion of Mark Pierce, Ph.D., a consultative psychologist, regarding plaintiff's mental impairment.

2. The ALJ failed to properly reject the opinion of K.J. Loomis, D.O., a non-examining State Agency physician, regarding plaintiff's mental functional limitations.

3. The ALJ failed to properly evaluate the severity of plaintiff's mental impairment.

///

///

///

## STANDARD OF REVIEW

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

## DISCUSSION

### A. The Sequential Evaluation

A claimant is disabled under Title II of the Social Security Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is

presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Parra, 481 F.3d at 746. If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Id.

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Id. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B. Mark Pierce, Ph.D.**

Plaintiff argues that the ALJ failed to properly consider the opinion of Mark Pierce, Ph.D., a consultative psychologist, who examined plaintiff on September 16, 2005. Plaintiff alleges that the ALJ improperly discredited Dr. Pierce's diagnosis that plaintiff suffered from a depressive disorder. (Joint Stipulation at 3-4). Defendant argues that the ALJ properly discredited Dr. Pierce's diagnosis because it was based only on plaintiff's own statements, which the ALJ properly discredited. (Joint Stipulation at 5-6).

In the opinion, the ALJ noted that plaintiff stated that he had been unable to work since September 2003 due to various aches and pains throughout his body, including spine pain. (AR at 13). The ALJ noted that after plaintiff's cervical and lumbar strain improved and he was assessed with no impairment related physical limitations (see AR at 153, 260), plaintiff underwent a psychological evaluation by Dr. Pierce. (AR at 14; see AR at 192-96).

In his decision, the ALJ noted that Dr. Pierce's evaluation indicated that plaintiff had no history of psychiatric treatment or counseling. (AR at 14-15; see AR at 193). The ALJ noted that Dr. Pierce found that plaintiff showed a degree of affective intensity, no evidence of confusion or blocking, and fair memory, concentration and attention. (AR at 15; see AR at 194). The ALJ stated that plaintiff initially scored a 6 out of 15 on the Rey 15-Item test for malingering, but then scored a 9 on an immediate retest and improved to a minimal pass effort. (AR at 15;

see AR at 195). The ALJ noted that Dr. Pierce attributed this to limited academic training history rather than malingering. (Id.). The ALJ noted that Dr. Pierce attributed plaintiff's IQ score, which was in the lower borderline range, to limited educational history. (AR at 15; see AR at 195-96).

The ALJ noted that Dr. Pierce diagnosed plaintiff with a depressive disorder, not otherwise specified. (AR at 15; see AR at 195). With regard to plaintiff's residual functional capacity, the ALJ noted that Dr. Pierce found that:

> [Plaintiff] was at least capable of simple and repetitive vocational skills and to adapt to minimal changes in a work environment. He would have milder [sic] difficulty working effectively with others. He could remember and comply with simple one and [two] part instructions. He could concentrate adequately only for simple and repetitive work function for a full work week.

(AR at 15; see AR at 196).

The ALJ then rejected the limitations suggested by Dr. Pierce. The ALJ explained that "Dr. Pierce attributes any limitations to limited educational training. Limited educational training is not a medically determinable impairment." (AR at 15). Given that plaintiff "was able to work previously with 'limited educational training' without any apparent difficulty" the ALJ rejected Dr. Pierce's suggested limitations. The ALJ also noted that Dr. Pierce's diagnosis of depression was not based on any objective findings. The ALJ determined that the diagnosis was based on plaintiff's own statements rather than the mental status examination, which was "normal except for the 'limited educational training.'" (AR at 15).

The ALJ is charged with determining a claimant's residual functional capacity based on an evaluation of the evidence as a whole. See 20 C.F.R. § 416.945. The medical opinion of a treating physician is entitled to special weight. 20 C.F.R. § 404.1527; Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The opinions rendered by treating physicians must be weighed using all of the factors provided in 20 C.F.R.

Section 404.1527, such as the length of the treatment relationship, frequency of examination, and the nature and extent of the treatment relationship. Social Security Ruling ("SSR")[1] 96-2p; 20 C.F.R. § 404.1527(d)(2). The ALJ may reject a controverted opinion of a treating physician's opinion by providing specific and legitimate reasons supported by substantial evidence in the record. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).

The ALJ can meet this burden by setting out a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986). An ALJ may rely on the absence of objective findings to reject a treating physician's opinion. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (inadequate clinical findings provide specific and legitimate basis for ALJ to reject treating physician's opinion); Buckhart v. Bowen, 856 F.2d 1335, 1339 (9th Cir. 1988) (proper to disregard uncontroverted treating physician's opinion when he fails to provide objective descriptions of medical findings). In addition, an ALJ may reject all or part of an examining physician's report if it contains inconsistencies, is conclusory, or inadequately supported by clinical findings. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where the record supports an ALJ's rejection of the claimant's credibility as to subjective complaints, the ALJ is free to disregard a doctor's opinion that was premised upon the claimant's subjective complaints. Tonapetyan v. Halter, 242 F.3d 1144, 1149-50 (9th Cir. 1991) (ALJ properly rejected an examining physician's opinion because he relied only on claimant's subjective complaints and on testing within the claimant's control).

Here, the ALJ set out a detailed and thorough summary of Dr. Pierce's opinion. In support of his decision to reject Dr. Pierce's suggested limitations, the ALJ noted that the assessed limitations were based on plaintiff's limited educational training, which is not a medically determinable impairment. Furthermore, the ALJ noted that plaintiff had worked in the

---

[1] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).

past without any apparent difficulty in spite of his limited education. With regard to the depressive disorder assessed by Dr. Pierce, the ALJ properly rejected Dr. Pierce's diagnosis of depression explaining that it was not based on any objective findings. See Thomas, 278 F.3d at 957 (an ALJ may reject all or part of an examining physician's report if it contains inconsistencies, is conclusory, or inadequately supported by clinical findings). The ALJ concluded that the diagnosis was based on plaintiff's own statements, rather than the normal results of the mental status examination, which constitutes a proper reason to reject Dr. Pierce's diagnosis. See Tonapetyan, 242 F.3d at 1149-50 (ALJ properly rejected an examining physician's opinion because he relied only on claimant's subjective complaints and on testing within the claimant's control).

Accordingly, the ALJ properly rejected Dr. Pierce's opinion.

**C. K.J. Loomis, D.O.**

Next, plaintiff argues that the ALJ failed to properly evaluate the opinion of K.J. Loomis, D.O., a non-examining State Agency physician, regarding plaintiff's mental functional limitations. Plaintiff alleges that the ALJ's silent disregard of the moderate limitations assessed by Dr. Loomis constitutes reversible error. (Joint Stipulation at 8-9). Defendant argues that the ALJ properly rejected Dr. Loomis's assessed limitations because they were based on Dr. Pierce's evaluation, which the ALJ found was unsupported by objective evidence. (Joint Stipulation at 9).

In October 2005, Dr. Loomis completed a Mental Residual Functional Capacity Assessment and a Psychiatric Review Technique based on a review of the medical evidence in the record. (AR at 204-07, 208-21). Dr. Loomis indicated that plaintiff suffered from a depressive disorder, not otherwise specified, and borderline intellectual functioning. (AR at 208, 211, 212). He opined that plaintiff was moderately limited in his ability to understand and remember detailed instruction, carry out detailed instructions, and interact appropriately with the general public. (AR at 204-05). In addition, Dr. Loomis indicated that plaintiff had mild limitations in his activities of daily living, and moderate limitations in maintaining social functioning and maintaining concentration, persistence or pace. (AR at 218).

In his opinion, the ALJ noted that Dr. Loomis "indicated that based on his review of the evidence, [plaintiff] had depressive disorder [not otherwise specified], and borderline intellectual functional and was limited to non-public simple repetitive tasks." (AR at 15; see AR at 208, 211, 212, 204-05). In evaluating Dr. Loomis's opinion, the ALJ noted:

> [Dr. Loomis's] assessment is more restrictive/severe than the actual examining physician. Indeed, Dr. Pierce did not find borderline intellectual function but rather limited educational training. He also indicated [plaintiff] would have no more than mild limitations dealing with others. This is a far cry from no public contact.

(AR at 15). The ALJ concluded that "[c]learly, [Dr. Loomis] did not properly evaluate Dr. Pierce's report. His assessment is rejected accordingly." (Id.).

The opinion of a reviewing physician, such as Dr. Loomis, is entitled to weight. 20 C.F.R. § 404.1527(f)(2)(I) (state agency medical and psychological consultants are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation and administrative law judges must consider their findings as opinion evidence). Unless the ALJ specifically rejects it, the ALJ must give a non-examining physician's opinion some weight. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) ("giving the examining physician's opinion more weight than the non-examining expert's opinion does not mean that the opinions of non-examining sources and medical advisors are entitled to no weight."). Indeed, an ALJ may not ignore the opinion offered by medical sources, including consultative examiners, and must explain the weight given to their opinions. See SSR 96-6p.

The ALJ is responsible for determining the credibility of Dr. Loomis's opinion and resolving conflicts between his opinion and other medical opinions in the record. See Magallanes v. Brown, 881 F. 2d 747, 750 (9th Cir. 1989). While the ALJ did not specifically address the limitations assessed by Dr. Loomis, the ALJ properly explained the weight that he gave to Dr. Loomis's opinion and his reasoning for rejecting Dr. Loomis's opinion as a whole. The ALJ noted that Dr. Loomis's opinion was more restrictive and severe than that of Dr.

Pierce, the actual examining physician. The ALJ noted that Dr. Pierce assessed plaintiff with limited educational training and mild limitations dealing with others, while Dr. Loomis opined plaintiff had borderline intellectual function and a limitation on public contact. Based on these inconsistencies, the ALJ determined that Dr. Loomis "did not properly evaluate Dr. Pierce's report." (AR at 15). The ALJ properly explained the weight he gave to Dr. Loomis's opinion and, thus, did not err in his treatment of it.[2] See Andrews, 53 F.3d at 1041 (stating that the ALJ has the sole province to resolve any conflicts among the medical evidence in record).

**D. The Severity of Plaintiff's Mental Impairment**

In his final claim, plaintiff alleges that the ALJ failed to properly evaluate the severity of plaintiff's mental impairments because he did not properly consider the functional limitations assessed by Drs. Pierce and Loomis. (Joint Stipulation at 10-11). Defendant argues that the alleged limitations assessed by Drs. Pierce and Loomis were properly rejected by the ALJ because they were not supported by objective medical findings. (Joint Stipulation at 11). Defendant argues that plaintiff failed to meet his burden of proof to establish that he had a severe mental impairment. (Joint Stipulation at 11).

Objective medical evidence of an underlying impairment is necessary to establish disability. 20 C.F.R. §§ 404.1528, 404.1529. However, mere diagnosis of an impairment is not sufficient to show severity. At step two of the sequential analysis, the ALJ must assess whether a claimant has a medically severe impairment or combination of impairments that significantly limits his ability to do basic work activities and has lasted, or is expected to last, more than 12 months. Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005); 20 C.F.R. § 404.1520(a)(4)(ii). Basic work activities include the "abilities and aptitudes necessary to do most jobs," such as "understanding, carrying out, and remembering simple instructions" and "responding appropriately to supervision, co-workers and usual work conditions." 20 C.F.R. § 404.1521(b). An impairment is not severe if it is merely a slight abnormality, or combination of slight

---

[2] Even if the ALJ did err by failing to specifically discredit the limitations assessed by Dr. Loomis, the Court finds that any resulting error is harmless and can not serve as the basis for remand. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (a decision of the ALJ will not be reversed for errors that are harmless).

abnormalities, that has a minimal effect on the claimant's ability to do basic work activities. SSR 96-3(p).

In determining whether an impairment or combination of impairments is severe, the ALJ is required to consider the claimant's subjective symptoms, such as pain or fatigue. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir.1996) (citing 42 U.S.C. § 423(d)(2)(B) & SSR 86-8). "A claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are not medically severe, i.e., do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic work activities. If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process." SSR 85-28. The burden is on the claimant to establish that his or her impairment is severe. Parra, 481 F.3d at 746. If the ALJ finds that the claimant lacks a medically severe impairment, the ALJ cannot find the claimant to be disabled. Webb, 433 F.3d at 686.

Here, substantial evidence supports the ALJ's decision. As discussed above, even if the ALJ considered the assessments by Drs. Pierce and Loomis, at best, they establish that plaintiff suffered from a mild depressive disorder. The ALJ acknowledged that Drs. Pierce and Loomis diagnosed plaintiff with depression and borderline intellectual functioning and determined plaintiff had limited educational training (AR at 15). With regard to functional limitations, Dr. Loomis indicated plaintiff was moderately limited in his ability to understand and remember detailed instructions, carry out detailed instructions, and interact appropriately with the general public. (AR at 204-05). In addition, Dr. Loomis indicated that plaintiff had mild limitations in his activities of daily living, and moderate limitations in maintaining social functioning and maintaining concentration, persistence or pace. (AR at 218). The ALJ discussed both Dr. Pierce's and Dr. Loomis's findings in his opinion and noted that plaintiff failed to meet his burden in establishing that a mental impairment significantly limited his ability to do basic work activities. (AR at 16). See Webb, 433 F.3d at 686; Parra, 481 F.3d at 746.

In addition, the ALJ noted that plaintiff stated that he had been unable to work due to various aches and pains throughout his body. (AR at 13; see AR at 84). The ALJ determined

that plaintiff failed to establish a medically determinable impairment that would reasonably be expected to produce the symptoms and limitations that he alleged. (AR at 15-16). Moreover, the ALJ noted that plaintiff was not fired or terminated from his employment for any health reasons and that plaintiff was, instead, laid off due to lack of business and told that he would be called back if business picked up. (AR at 15). The ALJ noted that plaintiff stated that he was able to go back to work, that he attempted to collect unemployment (which requires that claimants retain the ability to work), that plaintiff was vague about his complaints and evasive about his workers compensation claim. (AR at 15-16).

Neither Dr. Loomis nor Dr. Pierce indicated that plaintiff suffered from a mental impairment that significantly limited his ability to do basic work activities. See 20 C.F.R. § 404.1521(b). Plaintiff failed to meet his burden to establish that his mental impairment was severe. Parra, 481 F.3d at 746. Accordingly, the ALJ did not err in concluding that plaintiff did not suffer from a severe mental impairments.

**ORDER**

After careful consideration of all documents filed in this matter, this Court finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards. The Court, therefore, **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 16, 2008

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE